**STATE, ex rel HEPPERLA, Relator, v. GLANDER, et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 4097. Decided January 6, 1949.

Meyer A. Cook, Cleveland, for relator.

Frank T Cullitan, Pros. Atty., A. M. Braun, Asst. Pros. Atty., Cleveland, for Respondent, John A. Zangerle, Auditor of Cuyahoga County, For the Motion.

Hugh S. Jenkins, Atty. Genl., Columbus, for Respondents, C. Emory Glander and Members of the Board of Tax Appeals.

Lee C. Howley, Director of Law, Robert M. Morgan, Asst. Director of Law, Cleveland, for Respondent, The City of Cleveland, Contra the Motion.

## OPINION

By THE COURT.

Submitted on motion of defendant, John A. Zangerle, Auditor of Cuyahoga County, to quash service of summons in this case for the reason that the respondent, John A. Zangerle, is a resident and officer of Cuyahoga County, Ohio, and that this action is not properly brought in Franklin County against him.

Two grounds are assigned to support the motion:

(1) That the action against the moving respondent must be brought against him in the county in which he resides and not in Franklin County by reason of §11271 GC; and

(2) That the petition does not aver and the law does not require such joint duties and obligations on the part of the respondents in listing, levying and assessing taxes on the property described as will permit their joinder as parties-respondents.

The respondent, the City of Cleveland, has, by counsel, entered its appearance so that the sole question raised by the motion relates to the validity of the joinder of respondent, Zangerle, as Auditor, with the other respondents.

We are of opinion that the motion must be sustained upon both grounds asserted. The averments of the petition constitute a charge that the respondent Auditor has failed and neglected to perform his official duties in levying and assessing taxes on real estate owned by respondent city and located in the county of Cuyahoga. This subject matter makes the provision of §11271 GC applicable, which reads:

"Actions for the following causes must be brought in the county where the cause of action or part thereof arose.

(2) Against a public officer for an act done by him in virtue or under color of his office, or for neglect of his official duty."

If the relator is entitled to the relief prayed in the second amended petition, it may be granted by a several order on the defendant, Zangerle, as Auditor of Cuyahoga County, and on the other respondents, either severally or jointly.

The official obligation of respondent, Zangerle, Auditor, can only be related to real estate owned by respondent, the City of Cleveland, which is not included in that real estate which, though ascertained and assessed by the respondent, Tax Commission, under §5423 GC, is not used by the City of Cleveland in the operation of a public utility or as incidental to its operation. Sec. 5548 GC. The Auditor's official duty is therefore specific and does not require the joint action of any of the other respondents. Likewise, the ascertainment and assessment of the other assets of the City of Cleveland set out in the amended petition, if taxable, is incumbent upon the respondents other than Zangerle, Auditor. Secs. 5423, 1464-2, 1464-3, 5376, 5377, 5378 and 5570-1 GC; State, ex rel. Methodist Book Concern v. Gugenberger, 133 Oh St 27.

The motion will be sustained.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

### APPLICATION FOR LEAVE TO FILE BRIEF

No. 4097.   Decided February 28, 1949.

By THE COURT.

Application by the City of Dayton for leave to file brief as amicus curiae is allowed, the same to be filed within 30 days from date of entry.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.